Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **TRADE DRESS INFRINGEMENT - YOGA SLING TRADE DRESS;**<br>2. **TRADEMARK INFRINGEMENT OF AN UNREGISTERED MARK;**<br>3. **TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>4. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>5. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW;**<br>6. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200,** *et seq..*<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendant Target Corporation** respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") files this action against Defendant Target Corporation ("Defendant") for trade dress infringement and trademark infringement of an unregistered mark under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and for related claims under California common and state law.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendant because Defendant maintains multiple stores and/or offices and regularly conducts business within this judicial district.

3. This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear including UGG®, Koolaburra ®, Teva ®, Sanuk® and Hoka One One®.

5. Upon information and belief, Defendant Target Corporation is a corporation organized and existing under the laws of the state of Minnesota with an office and principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

6. Deckers is unaware of the names and true capacities of Defendants,

whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Deckers will seek leave to amend this complaint when their true names and capacities are ascertained. Deckers is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

7. Deckers is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Deckers further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A. Deckers' Sanuk® Brand and YOGA SLING Sandal**

8. In July 2011, Deckers completed the acquisition of the Sanuk® brand, a lifestyle footwear brand rooted in surf culture but embraced by an eclectic mix of style-savvy optimists.

9. The Sanuk® brand is known for its YOGA SLING sandal, which combines comfort with a chic, unique style sandal made with soft fabric sling straps.

10. The Sanuk YOGA SLING was introduced in 2013 and its appearance is unique and distinctive, consisting of a combination of the following non-functional elements ("YOGA SLING Trade Dress"):

- Thong-type sandal with a generally flat sole;
- Foot bed is comprised of soft material;

- Sling strap formed by a loop of fabric extending from a toe post around the heel and back to the toe post;
- An instep strap extending from the lateral side of the sole across the instep to the medial side of the sole;
- The instep strap and the sling strap appear unconnected and the instep strap overlaps the sling strap;
- Both the sling strap and the instep strap are formed of a soft fabric having an exaggerated width; and
- Binding at the top of the toe post.



11. The YOGA SLING Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

12. The design of the YOGA SLING Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the sandal. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the YOGA SLING Trade Dress. The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render Deckers' YOGA SLING sandal distinct and recognizable as goods originating from Deckers' Sanuk® brand.

13. The YOGA SLING Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of footwear featuring said trade dress.

14. The YOGA SLING Trade Dress is one of the most well recognized and commercially successful styles of Deckers' Sanuk® brand of footwear. Additionally, it was nominated in 2013 and 2014 as a SIMA "Footwear Product of the Year."

15. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Sanuk® YOGA SLING sandal and has sold over one hundred million dollars worth of said style of sandals.

16. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' YOGA SLING trade dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B.  Defendant's Infringement of Deckers' YOGA SLING Trade Dress**

17. Upon information and belief, Target is engaged in the retail sale of a wide range of apparel and footwear. Target's retail stores are located nationwide, including within this judicial district. Target's products can also be purchased online at www.target.com, which is also available to consumers nationwide.

18. The present lawsuit arises from Defendant's willful infringement of Deckers' Sanuk® "YOGA SLING Trade Dress" by its CAT AND JACK® brand of fabric thong sandals that bear a nearly identical design ("Accused Products"). Said Accused Products were discovered and purchased from www.target.com and were shipped to a location within this judicial district.

 

*Deckers' Sanuk® "Yoga Sling" Sandal*     *Cat & Jack® "Girls' Liv Yoga Mat Flip Flop" Sandal*

19. Deckers has not granted a license or any other form of permission to Defendant with respect to any of its trademarks, design patents, trade dress, or other

1  intellectual property.

2  20. Deckers is informed and believes and herein alleges that Defendant is a
3  competitor and has copied Deckers' YOGA SLING Trade Dress in an effort to exploit
4  Deckers' reputation in the market.

5  21. Deckers is informed and believes and herein alleges that Defendant has
6  acted in bad faith and that Defendant's acts have misled and confused and were
7  intended to cause confusion, or to cause mistake, or to deceive as to the affiliation,
8  connection, or association of Defendant's products with Deckers, or as to the origin,
9  sponsorship, or approval of the Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

**(Trade Dress Infringement of YOGA SLING Trade Dress - 15 U.S.C. § 1125)**

12  22. Deckers incorporates herein by reference the averments of the preceding
13  paragraphs as though fully set forth herein.

14  23. The YOGA SLING Trade Dress is non-functional in its entirety, visually
15  distinctive, and is unique in the footwear industry.

16  24. The design of the YOGA SLING Trade Dress is neither essential to its
17  use or purpose nor does it affect the cost or quality of the sandal.  There are numerous
18  other designs available that are equally feasible and efficient, none of which
19  necessitate copying or imitating the YOGA SLING Trade Dress.  The aforesaid
20  combination of features provides no cost advantages to the manufacturer or utilitarian
21  advantages to the consumer.  These features, in combination, serve only to render
22  Deckers' Sanuk® YOGA SLING sandal distinct and recognizable as goods originating
23  from Deckers' Sanuk ® brand.

24  25. The YOGA SLING Trade Dress has achieved a high degree of consumer
25  recognition and secondary meaning, which serves to identify Deckers as the source of
26  footwear featuring said trade dress.

27  26. Deckers has spent substantial time, effort, and money in designing,
28  developing, advertising, promoting, and marketing the Sanuk® YOGA SLING sandal

and has sold over one hundred million dollars worth of said style of sandals.

27. The YOGA SLING Trade Dress is one of the most well recognized and commercially successful styles of Deckers' Sanuk® brand of footwear.

28. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' YOGA SLING Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

29. There are numerous other sandal designs in the footwear industry, none of which necessitate copying or imitating the YOGA SLING Trade Dress. However, due to the popularity and consumer recognition achieved by the YOGA SLING sandal, said design has often been the subject of infringement by third-parties, including by Defendant.

30. Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' YOGA SLING Trade Dress in an effort to exploit Deckers' reputation in the market.

31. The Accused Products produced, distributed, advertised and offered for sale by Defendant bear nearly identical reproductions of the YOGA SLING Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products.

32. Defendant's use of Deckers' YOGA SLING Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

33. Defendant's use of Deckers' YOGA SLING Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

34. Deckers has no adequate remedy at law.

35. In light of the foregoing, Deckers is entitled to injunctive relief

prohibiting Defendant from using Deckers' YOGA SLING Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement of an Unregistered Trademark – 15 U.S.C. § 1125(a))**

36. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37. The Yoga Sling Common Law Trademark was first used by Deckers in interstate commerce at least as early as 2013 and is distinctive and exclusively owned and used by Deckers. As the result of significant sales and substantial investment in multi-media advertising and promotion by Deckers, in the United States and throughout the world as part of a long term and carefully planned marketing program, the Yoga Sling Common Law Trademark serves to identify Deckers to the consuming public as the source of the footwear on which the Yoga Sling Common Law Trademark is displayed. Consumers directly associate the Yoga Sling Common Law Trademark with Deckers, the Sanuk® brand, and with merchandise of the highest quality. As such, the Yoga Sling Common Law Trademark has developed strong secondary meaning and is of inestimable value to Deckers.

38. Through many years of use in interstate commerce, Deckers has established common law trademark protection for its inherently distinctive Yoga Sling Common Law Trademark used on Deckers' footwear.

39. As a direct result of the continuous and exclusive use of the Yoga Sling Common Law Trademark in interstate commerce, Deckers has established significant good will and consumer expectation regarding the high quality and source of Deckers' merchandise including, inter alia, women's accessories, displaying said mark.

40. Deckers has dedicated substantial monetary expenditures and resources to

support its Yoga Sling sandal, bearing the Yoga Sling Common Law Trademark, by way of extensive advertising and promotional efforts through diverse media in the United States as well as internationally.

41.  Defendant, in connection with the distribution, production, distribution, advertisement, offer for sale and/or sale of its own footwear has utilized Deckers Yoga Sling Common Law Trademark, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products. Indeed, under its in-house brand, Shade & Shore, Defendant has a named its own sandal the "Women's Tashi Yoga Sling Thong Sandal," as shown below.




42.  Defendant's use of the Yoga Sling Common Law Trademark in connection with its own sandal creates a high likelihood of confusion amongst consumers, which is especially damaging to the good will established in the Yoga Sling Common Law Trademark and Deckers' reputation for high-quality products.

43.  Defendant's use of the Yoga Sling Common Law Trademark is without

Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

44. Defendant's use of the Yoga Sling Common Law Trademark is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

45. Deckers has no adequate remedy at law.

46. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' Yoga Sling Common Law Trademark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement Under California Common Law)

47. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48. Deckers has common law rights to the YOGA SLING Trade Dress in the state of California due to its extensive promotion and sale of products bearing said trade dress within the state of California.

49. Deckers' YOGA SLING Trade Dress has achieved a high degree of consumer recognition and secondary meaning nationwide and within the state of California, which serves to identify Deckers as the source of the high-quality goods upon which the design appears.

50. Defendant's infringement of the YOGA SLING Trade Dress constitutes common law trade dress infringement in violation of the common law of the State of California.

51. Defendant's unauthorized use of Deckers' YOGA SLING Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

52. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

53. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

54. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

55. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the YOGA SLING Trade Dress, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Trademark Infringement Under California Common Law)**

56. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57. Deckers has common law rights to the Yoga Sling Common Law Trademark in the state of California due to its extensive promotion and sale of products in connection with said mark the state of California.

58. Deckers' Yoga Sling Common Law Trademark has achieved a high degree of consumer recognition and secondary meaning nationwide and within the

state of California, which serves to identify Deckers as the source of the high-quality products on which the mark appears.

59. Defendant's infringement of the Yoga Sling Common Law Trademark constitutes common law trade dress infringement in violation of the common law of the State of California.

60. Defendant's unauthorized use of Deckers' Yoga Sling Common Law Trademark has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

61. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

62. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

63. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

64. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the Yoga Sling Common Law Trademark, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition Under California Common Law)**

65. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66. Defendant's infringement of the YOGA SLING Trade Dress and Yoga

Sling Common Law Trademark constitutes unfair competition in violation of the common law of the State of California.

67. Deckers has invested a substantial amount of time, skill and money in developing its footwear styles and trademarks.

68. Upon information and belief, Defendant is a competitor of Deckers and has copied Deckers' footwear styles and trademarks in an effort to exploit Deckers' reputation in the market. Defendant misappropriated and used Deckers' footwear styles and name at little or no cost to Defendant.

69. Defendant's misappropriation and use of Deckers' footwear styles and trademark is without the authorization or consent of Deckers; and Deckers has been injured by the Defendant's conduct.

70. Defendant's infringing acts are intended to capitalize on Deckers' goodwill associated therewith for Defendant's own pecuniary gain. Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear. As a result of Deckers' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Deckers.

71. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

72. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

73. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

74. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the YOGA SLING Trade Dress and the Yoga

1  Sling Common Law Trademark, and to recover all damages, including attorneys' fees,
2  that Deckers has sustained and will sustain, and all gains, profits and advantages
3  obtained by Defendant as a result of its infringing acts alleged above in an amount not
4  yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition Under California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et. seq.*)**

75. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76. Defendant's appropriation, adoption and use of the YOGA SLING Trade Dress and Yoga Sling Common Law Trademark in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

77. The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

78. Defendant's of Deckers' YOGA SLING Trade Dress and Yoga Sling Common Law Trademark has deprived Deckers of the right to control the use of its intellectual property.

79. As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Target Corporation as follows:

1. A Judgment that Defendant has infringed Deckers' YOGA SLING Trade Dress in violation of 15 U.S.C. § 1125 and that Defendant's infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using Deckers' intellectual property, including, but not limited to:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products which bear Deckers' YOGA SLING Trade Dress, or designs confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

   c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3. Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

6. Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding enhanced damages;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding Deckers' punitive damages in connection with its claims under California law; and

11. Such other relief as may be just and proper.

Dated: July 18, 2019        BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated: July 18, 2019          BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*